IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 99-10012
Summary Calendar
_____

PATRICIA KAY DENNISON,

Plaintiff-Appellant,

versus

A.T.& T. CORP., a New York Corporation,

Defendant-Appellee.

- - - - - - - - - -
Appeal from the United States District Court
for the Northern District of Texas
(3:97-CV-1565-R)
- - - - - - - - - -

July 14, 1999

Before JOLLY, SMITH, and WIENER, Circuit Judges.

PER CURIAM:[*]

In this employment discrimination case, grounded in a claim of retaliatory discharge under the Texas Commission on Human Rights Act ("TCHRA"),[1] Plaintiff-Appellant Patricia K. Dennison asked us to reverse the district court's grant of a motion for summary judgment filed by defendant-appellee A.T.& T. We affirm.

Dennison filed several complaints with A.T.& T. about her immediate supervisor's attitude toward and treatment of black

_____

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

[1] Tex. Labor Code § 21-005 (West 1996).

employees. In a single month, Dennison herself was the subject of three customer complaints about rudeness and other improper treatment of customers. On the recommendations and decisions of three supervisors superior to Dennison's immediate supervisor, Dennison was fired. Invoking diversity of citizenship jurisdiction, Dennison filed the instant lawsuit in federal district court, advancing a cause of action under the TCHRA and alleging retaliation for her racial complaints as the basis of her discharge. A.T.& T. sought summary judgment, proffering the three customer complaints against Dennison as legitimate, non-discriminatory reasons for firing her. She responded by asserting that A.T.& T.'s proffered reasons were pretextual.

The district court granted A.T. & T.'s summary judgment motion and dismissed Dennison's action. Acknowledging that Dennison had established a prima facie case of retaliation, the court nevertheless concluded that Dennison had failed to bear her burden of establishing that A.T.& T.'s legitimate explanation for her firing was pretextual and that she would not have been fired "but for" retaliation.

We have carefully reviewed the facts and the law as presented in the appellate briefs of able counsel and in the summary judgment record on appeal, and we have read with equal care the Memorandum Opinion and Order filed by the district court on December 3, 1998. In our de novo review of the summary judgment in this case, we find the lengthy, detailed, and complete opinion of the district court to be fully and correctly dispositive of the case and supportive of

2

its grant of summary judgment in favor of A.T.& T.  Convinced that we could not improve on the writing of the district court, and that attempting to do so would merely waste judicial resources, we incorporate that opinion by reference herein and affirm the summary judgment of dismissal rendered by that court for the reasons so well expressed and explicated in its opinion.

AFFIRMED.